**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4063**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

WILLIAM LASSITER,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:23-cr-00088-FL-1)

_____

Submitted:  September 19, 2024               Decided:  September 24, 2024

_____

Before NIEMEYER, RICHARDSON, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Lassiter appeals the 160-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Lassiter contends that the district court made a clearly erroneous factual finding that resulted in the misapplication of the Sentencing Guidelines' robbery cross-reference.  Finding no error, we affirm.

When considering a Guidelines challenge, "we review the district court's factual findings for clear error." *United States v. Gross*, 90 F.4th 715, 720 (4th Cir. 2024) (internal quotation marks omitted).  And when those findings are "related to the credibility of a witness," we accord them "even greater deference than other findings." *United States v. Ebert*, 61 F.4th 394, 406 (4th Cir.), *cert. denied*, 144 S. Ct. 149 (2023).  Under the clear error standard, we will reverse only if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* at 405 (internal quotation marks omitted).

Lassiter's conviction stems from an altercation during which he and another man, Jesus Salazar, each shot the other.  According to Salazar, Lassiter offered to sell him marijuana; however, when they met in person, Lassiter attempted to rob Salazar of the drug money, leading to an exchange of gunfire.  Meanwhile, Lassiter claimed that Salazar was the seller, not the buyer.  And when Lassiter refused to complete the deal, Salazar responded by shooting him.  The district court credited Salazar's version of events, finding that Lassiter had intended to rob Salazar at gunpoint.

On appeal, Lassiter challenges the district court's finding by identifying evidence that allegedly corroborated his account or undermined Salazar's.  But the district court

2

considered this evidence and explained why it did not compel a different result.  We do not lightly disturb the district court's resolution of such factual disputes, and we discern no basis for doing so here.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*